**SNIPPER WAINER & MARKOFF**
Maurice Wainer (California Bar No. 121678)
mrwainer@aol.com
270 N Canon Dr. Penthouse
Beverly Hills, California 90210
Telephone:  (310) 550-5770
Facsimile:  (310) 550-6770

Attorneys for Plaintiff Federal
Deposit Insurance Corporation
as Receiver of IndyMac
Bank, F.S.B.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SACV 10-00627 DoC (ANx)

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF INDYMAC BANK, F.S.B., | ) Case No.: ) ) |
| Plaintiff, | ) COMPLAINT FOR: ) (1)  BREACH OF CONTRACT ) (2)  INTENTIONAL FRAUD ) (3)  BREACH OF CONTRACT |
| vs. | ) ) |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation, ANDREA KAWAWAKI, an individual, and DOES 1 THROUGH 50, inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff the Federal Deposit Insurance Corporation ("FDIC") as Receiver of IndyMac Bank, F.S.B., for causes of action against Defendants Fidelity National Title Insurance Company, Andrea Kawawaki, and Does 1 through 50 (collectively, "Defendants"), alleges as follows:

///

-1-

COMPLAINT

**JURISDICTION**

1.     This Court has original jurisdiction of this civil action pursuant to 12 U.S.C. § 1819(b)(2)(A).  As a suit brought by the FDIC, this suit is deemed to arise under the laws of the United States.

**VENUE**

2.     The venue of this action in this Court is proper because a substantial part of the events or omissions giving rise to the claim and the injury alleged herein occurred within this District.

**THE PARTIES**

3.     IndyMac Bank, F.S.B. ("IndyMac") was a federally chartered savings bank with its principal place of business in Pasadena, California.  On July 11, 2008, IndyMac was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation was appointed as Receiver pursuant to 12 U.S.C. § 1464(d)(2)(A) and 12 U.S.C. § 1821(c)(5).  The FDIC has standing to prosecute this action as Receiver for IndyMac.

4.     Upon information and belief, Defendant Fidelity National Title Insurance Company ("Fidelity") is a California corporation with a principal place of business located at 2510 N. Redhill Ave., Santa Ana, California 92705.

5.     Upon information and belief, Defendant Andrea Kawawaki ("Kawawaki") is an individual residing in Reseda, California.  At all times relevant to the events giving rise to this Complaint, Kawawaki was employed by Fidelity as an escrow officer.

6.     The FDIC is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 50, inclusive.  The FDIC is informed and believes, and on that basis alleges that each fictitious defendant was in some way responsible for, participated in, or contributed to, the matters and things of which the FDIC complains herein and in some fashion has legal responsibility therefor.  When the exact nature and

-2-

COMPLAINT

1  identity of such fictitious defendants' responsibility for, participation in, and
2  contribution to, the matters and things herein alleged is ascertained by the
3  FDIC, it will seek to amend this Complaint and all proceedings herein to set
4  forth the nature of these defendants' identities.

5  **FACTUAL BACKGROUND**

6      7.    IndyMac was a federal savings bank that focused a core portion of
7  its business on mortgage banking.

8      8.    IndyMac required its escrow companies and settlement agents to
9  abide by the terms of IndyMac's Lender's Closing Instructions (the "Closing
10  Instructions").  Among other things, the Closing Instructions were designed to
11  protect IndyMac from unknowingly issuing mortgage loans to borrowers with
12  undisclosed mortgage debts or loans secured by properties that were the subject
13  of a "flip."[1]  For this reason, the Closing Instructions provide as follows:

14      **YOU ARE NOT AUTHORIZED TO CLOSE THIS LOAN IF:**

15      ...

16      (10)   A transaction becomes known to you on or before the date
17      of closing that involves the borrower(s) or if you have knowledge
18      of a transaction involving the subject property in the last 180 days.
19      Notify the lender, in writing, of the additional transaction to verify
20      that it has been considered in our loan approval decision.

21  (Closing Instructions, p. 2, ¶ 10.)

22      9.    Defendants ignored this requirement with respect to at least two
23  separate mortgage transactions.

24  **A.    The Razi Loan**

25

26  _____

27  [1]  "Property flipping" is a species of mortgage fraud in which a property is
    bought and quickly resold to a straw buyer (who is often a participant in the
28  scheme) at an artificially higher price.  The conspirators profit from the instant
    resale and the straw buyer typically defaults on the loan.

-3-

1         10.    On June 29, 2007, IndyMac funded mortgage loans for the

2    purchase of a property located at 18406 Calvert Street, Tarzana, California

3    91335 (the "Calvert Property"), for a borrower named Amin Razi ("Razi").

4         11.    Fidelity provided title and escrow settlement services for the

5    transaction, and Kawawaki acted as Fidelity's settlement agent.

6         12.    Razi purchased the Calvert Property for $705,000, financed by two

7    IndyMac loans totaling $669,750:  a first mortgage of $564,000, and a second

8    mortgage of $105,750 (collectively, the "Razi Loan").

9         **1.**    **Defendants' Concealment Of Information Regarding The**

10              **Calvert Property**

11        13.    Defendants provided IndyMac with a final HUD-1 form, which

12   indicated that Razi purchased the Calvert Property from the John Doyle Trust

13   (the "Trust") for $705,000.  At the time that it funded these loans, IndyMac had

14   no reason to doubt that $705,000 represented the arms-length sales price of the

15   Calvert Property.  Based upon Defendants' representations, IndyMac issued the

16   Razi Loan.

17        14.    Although the HUD-1 prepared by Fidelity and submitted to

18   IndyMac indicates that Razi purchased the Calvert Property directly from the

19   Trust, Razi actually purchased the Calvert Property from a company called

20   HKH Group, Inc. ("HKH").

21        15.    Public records reveal that Fidelity closed two purchase transactions

22   involving the Calvert Property within the same escrow – a so-called "Double

23   Escrow" – without IndyMac's knowledge or consent.  First, the Trust sold the

24   Calvert Property to HKH for $515,000.  Then, in the same escrow transaction,

25   HKH turned around and sold the Calvert Property to Razi for $705,000.

26        16.    Upon information and belief, Kawawaki was the settlement agent

27   who closed both of these transactions for Fidelity, and Fidelity recorded the

28   deeds for both property sales (*i.e.*, the sale from the Trust to HKH and the sale

1   from HKH to Razi).  Thus, there can be no question that Defendants had full

2   knowledge of the transfer of the Calvert Property from the Trust to HKH.

3          17.    Despite this knowledge (and although the Closing Instructions

4   prohibited Defendants from closing a loan if they had "knowledge of a

5   transaction involving the subject property in the last 180 days," unless they first

6   disclosed the transaction to IndyMac in writing), Defendants did not inform

7   IndyMac in writing of the transfer of the Calvert Property from the Trust to

8   HKH.

9          18.    Moreover, while Defendants represented to IndyMac that the arms-

10  length sales price of the Calvert Property was $705,000, they knew that HKH

11  had acquired the property *that very same day* for nearly $200,000 less.

12         19.    Had IndyMac been aware that the Calvert Property was the subject

13  of a "Double Escrow" or that it had been sold to HKH for $515,000 on the same

14  day that Razi bought the property for $705,000, IndyMac would not have

15  approved the Razi Loan for $669,750.

16  **2.    Defendants' Concealment Of Razi's Other Debts**

17         20.    The Closing Instructions prohibit a settlement agent from closing

18  escrow if the agent learns of a transaction involving the borrower on or before

19  the date of closing, unless the agent has notified IndyMac in writing of the

20  additional transaction.  Razi did not list any other transactions on his loan

21  application, and Defendants did not disclose any additional transaction to

22  IndyMac before escrow closed on the Calvert Property.

23         21.    Unbeknownst to IndyMac, however, Razi had just bought two

24  other homes within the two months leading up to his June 29, 2007 purchase of

25  the Calvert Property.  Defendants served as the settlement agents for both of

26  those other transactions.

27         22.    First, Razi purchased a property located at 4935 N. H Street, San

28  Bernardino, California 92407, on April 30, 2007 (the "H Street Property").  In

-5-

COMPLAINT

1   purchasing the H Street Property, Razi obtained a mortgage loan to finance the

2   transaction in the amount of $480,000.

3        23.     Second, Razi purchased a property located at 751 Riverton Ave.,

4   Sun Valley, California 91352, on May 17, 2007 (the "Riverton Property").  In

5   order to purchase the Riverton Property, Razi obtained a mortgage loan of

6   $562,400.

7        24.     As a result of these purchases, by the time Razi bought the Calvert

8   Property on June 29, 2007, he already had two existing mortgages which

9   amounted to a combined total debt of $1,042,400.

10        25.     Upon information and belief, Kawawaki served as Fidelity's

11   representative on the H Street Property and the Riverton Property, as well as the

12   Calvert Property.  Thus, there can be no question that Defendants knew that

13   Razi had purchased these properties less than two months before he purchased

14   the Calvert Property, and knew of Razi's existing mortgage obligations on the

15   properties.

16        26.     Defendants did not disclose Razi's purchase of either the H Street

17   Property or the Riverton Property in writing to IndyMac, nor did Defendants

18   inform IndyMac that Razi had already incurred more than $1 million in

19   mortgage debts.  Rather, Defendants concealed this information from IndyMac.

20   **B.**   **The Jahanbakhsh Loan**

21        27.     On October 9, 2007, IndyMac funded a mortgage loan for the

22   purchase of a property located at 1119-1121 Exposition Boulevard, Los

23   Angeles, California 90007 (the "Exposition Property") for a borrower named

24   Soheila Jahanbakhsh ("Jahanbakhsh").

25        28.     Fidelity provided title and escrow settlement services for the

26   transaction, and Kawawaki acted as Fidelity's settlement agent.

27        29.     Jahanbakhsh purchased the Exposition Property for $550,000,

28   financed by a loan for $495,000 issued by IndyMac (the "Jahanbakhsh Loan").

-6-

30.     IndyMac's Lender's Closing Instructions prohibit a settlement agent from closing escrow if a transaction becomes known to the settlement agent on or before the date of closing that involves the borrower, unless that transaction is disclosed to IndyMac.  Defendants did not disclose any other transactions involving Jahanbakhsh before escrow closed.

31.     Unbeknownst to IndyMac, however, Jahanbakhsh had purchased another property just a few days before IndyMac funded the Jahanbakhsh Loan.

32.     Specifically, Jahanbakhsh purchased a condominium located at 5700 Etiwanda Ave., Unit 264, Los Angeles, California 91356 (the "Etiwanda Property") for $400,000, on October 4, 2007.  In purchasing the Etiwanda Property, Jahanbakhsh had obtained a mortgage loan to finance the transaction in the amount of $380,000.

33.     Kawawaki served as Fidelity's representative on both the Exposition Property and the Etiwanda Property.  Thus, there can be no dispute that Defendants knew that Jahanbakhsh purchased the Etiwanda Property a few days before IndyMac funded the Jahanbakhsh Loan.

34.     Defendants did not disclose Jahanbakhsh's purchase of the Etiwanda Property to IndyMac in writing.

35.     Had IndyMac been aware that Jahanbakhsh had incurred a $380,000 debt just a few days before she purchased the Exposition Property, IndyMac would not have approved the Jahanbakhsh Loan.

## FIRST CAUSE OF ACTION:  BREACH OF CONTRACT

### The Razi Loan

### (Against All Defendants)

36.     Plaintiff FDIC refers to and incorporates by reference the allegations contained in paragraphs 1 through 35 above, as if they were set forth again in full.

37.     Defendants entered into a contractual relationship with IndyMac

COMPLAINT

1 | that is defined by IndyMac's Closing Instructions.

2 | 38.   The Closing Instructions required Defendants to provide IndyMac

3 | with written notice of any transactions involving the borrower or the property,

4 | so that IndyMac could verify that such transactions had been considered in the

5 | lending decision.

6 | 39.   Despite this explicit direction, Defendants failed to provide such

7 | written notice and proceeded with the loan closing on the Calvert Property

8 | without authorization to do so.

9 | 40.   Defendants violated the parties' agreement by failing to adhere to

10 | the Closing Instructions

11 | 41.   Had Defendants provided IndyMac with the written notice required

12 | by the Closing Instructions, IndyMac never would have financed the purchase

13 | of the Calvert Property.

14 | 42.   The FDIC has been damaged because of Defendants' breach of the

15 | Closing Instructions.  The FDIC's damages are presently believed to be in

16 | excess of $415,000, plus interest, costs and attorneys' fees.

## SECOND CAUSE OF ACTION:  INTENTIONAL FRAUD

### The Razi Loan

### (Against All Defendants)

20 | 43.   Plaintiff FDIC refers to and incorporates by reference the

21 | allegations contained in paragraphs 1 through 42 above, as if they were set forth

22 | again in full.

23 | 44.   Defendants performed title and escrow services and provided

24 | information to IndyMac in connection with the Razi Loan.  Among other

25 | things, Defendants agreed to abide by the terms of IndyMac's Closing

26 | Instructions.

27 | 45.   Pursuant to the Closing Instructions, Defendants were not

28 | authorized to close the Razi Loan if they had "knowledge of a transaction

1  involving the subject property in the last 180 days" or "if a transaction [became]
2  known to [the settlement agent] on or before the date of closing that involves
3  the borrower(s)."  The Closing Instructions required Defendants to notify
4  IndyMac, in writing, of any such transactions "to verify that it has been
5  considered in [IndyMac's] loan approval decision."

6      46.    Defendants knew that the Calvert Property was the subject of
7  another sale, which took place on the same day that Razi purchased the Calvert
8  Property.  Kawawaki operated as the settlement agent on both sales, and
9  Fidelity recorded the deeds for both transactions.

10     47.    Defendants also knew that Razi had purchased two other
11 properties, and had assumed over $1 million in other mortgage loans, less than
12 two months before IndyMac issued the Razi Loan.  Kawawaki operated as
13 Fidelity's representative on all three of these sales.

14     48.    Defendants did not provide IndyMac with written notification that
15 the Calvert Property was the subject of another sale.  Nor did Defendants notify
16 IndyMac of Razi's two other home purchases or the mortgages associated with
17 those purchases.  Instead, Defendants intentionally concealed the existence of
18 all of these transactions.

19     49.    Upon information and belief, in concealing the other transactions
20 involving Razi and the Calvert Property, Defendants intended to induce
21 IndyMac to approve the funding of the Razi loan when it otherwise would not
22 have done so.

23     50.    Defendants' misrepresentations and/or omissions induced IndyMac
24 to fund a loan transaction that it otherwise would not have funded.

25     51.    The FDIC has been damaged as a result of Defendants' fraud.  The
26 FDIC's damages are presently believed to be in excess of $415,000, plus
27 interest, costs and attorneys' fees.

28     52.    In committing the aforementioned despicable acts, Defendants

-9-

COMPLAINT

1 | acted with oppression, fraud or malice and with the intent to defraud IndyMac,

2 | which justifies the awarding of punitive damages in an amount to be proven at

3 | trial.

4 | ### THIRD CAUSE OF ACTION:  BREACH OF CONTRACT

5 | ### The Jahanbakhsh Loan

6 | ### (Against All Defendants)

7 |     53.    Plaintiff FDIC refers to and incorporates by reference the

8 | allegations contained in paragraphs 1 through 52 above, as if they were set

9 | forth again in full.

10 |     54.    Defendants entered into a contractual relationship with IndyMac

11 | that is defined by IndyMac's Closing Instructions.

12 |     55.    The Closing Instructions required Defendants to provide IndyMac

13 | with written notice of any other transactions involving the borrower, so that

14 | IndyMac could verify that such transactions had been considered in the lending

15 | decision.

16 |     56.    Despite this explicit direction, Defendants failed to provide such

17 | written notice and proceeded with the closing of the Jahanbakhsh Loan without

18 | authorization to do so.

19 |     57.    Defendants violated the parties' agreement by failing to adhere to

20 | the Closing Instructions

21 |     58.    Had Defendants provided IndyMac with the written notice required

22 | by the Closing Instructions, IndyMac never would have financed the purchase

23 | of the Exposition Property.

24 |     59.    The FDIC has been damaged because of Defendants' breach of the

25 | Closing Instructions.  The FDIC's damages are presently believed to be in

26 | excess of $444,000, plus interest, costs and attorneys' fees.

27 | / / /

28 | / / /

-10-

COMPLAINT

## DEMAND FOR RELIEF

**WHEREFORE**, the FDIC prays for judgment as follows:

1.  For compensatory damages, according to proof at trial, against all Defendants, which are presently estimated to be not less than $859,000;

2.  For prejudgment interest at the legal rate;

3.  For costs of suit and reasonable attorneys' fees incurred herein;

4.  For punitive damages; and

5.  For such other and further relief as the Court deems just and proper.

Dated:  May 4, 2010                    SNIPPER WAINER & MARKOFF

                                       By_____
                                              Maurice Wainer
                                       Attorneys for Plaintiff
                                       Federal Deposit Insurance Corporation
                                       as Receiver of IndyMac Bank, F.S.B.

-11-

COMPLAINT

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

FEDERAL DEPOSIT INSURANCE CORPORATION
as Receiver for INDYMAC BANK, F.S.B.

**DEFENDANTS**

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a
California corporation; ANDREA KAWAWAKI, an individual

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Maurice Wainer (SB#121678)
SNIPPER, WAINER & MARKOFF
270 N. Canon Drive, Penthouse
Beverly Hills, CA 90210
(310) 550-5770

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 1,017,988.16

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
. 12 U.S.C. §1819 (b)(2)(A).  12 U.S.C. §1464(d)(2)(A);  12 USC §1821(c)(5).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☑ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number:   SACV 10 - 00627

CV-71 (07/05)                      CIVIL COVER SHEET                      Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

---

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

LOS ANGELES.

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

Fidelity National Title Insurance Company - ORANGE.

Andrea Kawawaki - LOS ANGELES.

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

LOS ANGELES.

---

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date  May 5 2010

   Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
   or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not
   filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions
   sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV10- 627 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:

Maurice Wainer (SB#121678)
SNIPPER, WAINER & MARKOFF
270 N. Canon Drive, Penthouse
Beverly Hills, CA 90210

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of INDYMAC BANK, F.S.B.<br><br>PLAINTIFF(S)<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation; ANDREA KAWAWAKI, an individual; and DOES 1 through 50, inclusive<br>DEFENDANT(S) | CASE NUMBER<br><br>SACV 10-00627 DOC (ANx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):   FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation;  ANDREA KAWAWAKI, an individual;  and DOES 1 through 50, inclusive

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, __Maurice Wainer_____, whose address is __270 North Canon Drive, Penthouse, Beverly Hills, California 90210_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __5/7/2010_____

By: _____
**AMY GRAGERA**
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

SUMMONS