O

UNITED  STATES  DISTRICT  COURT

FOR  THE  CENTRAL  DISTRICT  OF  CALIFORNIA

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION. as Receiver for Indymac Bank, F.S.B., | ) ) ) ) | CASE NO. SACV 10-0627 DOC (RBNx) |
| | ) ) | O R D E R DENYING PLAINTIFF'S MOTION FOR DEFAULT |
| Plaintiff, | ) ) | JUDGMENT |
| v. | ) ) | |
| FIDELITY NATIONAL TITLE INSURANCE., et al. | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |

Before the Court is a Motion for Default Judgment ("Motion") filed by Third Party Plaintiff Fidelity National Title Insurance Company.  (Dkt. 104).  After considering the moving papers and oral argument, the Court DENIES Third Party Plaintiff's Motion.  The Court schedules a hearing for a Second Motion for Default Judgment for 8:30 a.m. on May 14, 2012.

### I.      Background

On November 1, 2010, Third Party Plaintiff Fidelity National Title Insurance Company ("Third Party Plaintiff") filed a Third Party Complaint against Third Party Defendants Amin Razi, Hamid Khorramnezhad, and Max Kay (collectively, "Third Party Defendants "),

and others.  *See* Third Party Compl. (Dkt. 38).  Third Party Plaintiff brought this action against Third Party Defendants seeking to recover the $250,000 that Third Party Plaintiff paid Federal Deposit Insurance Corporation to settle claims between it and Third Party Plaintiff.  *See id.*; Mot. at 1.

### A.     Third Party Plaintiff's settlement with FDIC

Federal Deposit Insurance Corporation ("FDIC") filed its first amended complaint on June 28, 2010, alleging that Third Party Plaintiff breached the lender's closing instructions for the purchase and sale of certain real property ("Calvert Property") by failing to disclose to the lender: (1) that the purchase and sale of the Calvert property was a fraudulent property f1ipping scheme involving double escrow; and (2) that "Razi had assumed over $1 million in other mortgage loans" less than two months before the lender issued the loan to Razi secured by the Calvert Property.  *See* Mot. at 1.  FDIC also alleged that the lender would not have funded the two mortgage loans to Razi totaling $669,750.00 and would not have suffered damages when Razi defaulted on the loans had the lender been aware of the alleged fraud and Razi' s other mortgages.  *Id.*

On September 20, 2011, Third Party Plaintiff entered into a settlement agreement with FDIC, the terms of which required that Third Party Plaintiff to pay $250,000.00 to FDIC for the losses sustained by FDIC in relation to the two mortgage loans totaling $669,750.00 (Hutchison Decl, ¶11; Saalfield Decl. ¶ 6).

### B.     Third Party Plaintiff's Action Against Third Party Defendants

On November 1, 2010, Third Party Plaintiff filed a Third Party Complaint against the Third Party Defendants and others.  *See* Third Party Compl. (Dkt. 38).  The Third Party Complaint "denied . . . any wrongdoing by" Third Party Plaintiff, but sought damages from the Third Party Defendants "to the extent that [Third Party Plaintiff] is . . . held liable to" FDIC.  *Id.* at ¶ 14.

The Third Party Complaint is remarkably short on facts, appearing to allege only that FDIC's "damages, if any, were caused by the fraudulent, tortious or otherwise unlawful conduct of third party defendants Razi, Khorramnezhad, and Kay."  *Id.*  Based on these minimal

allegations, the Third Party Complaint brings four causes of action against the Third Party Defendants: (1) total equitable indemnity; (2) partial equitable indemnity; (3) contribution and repayment; and (4) a declaration of the parties' respective rights and duties." *See id.* at ¶ 16-18, 19-22, 23-25, 26-28.

### C.   Plaintiff's Motion for Default Judgment

On February 23, 2012, Third Party Plaintiff filed the present Motion for Default Judgment. (Dkt. 104). The present Motion alleges that Third Party Plaintiff suffered damages of $250,000.00, that is, the total amount that the Third Party Plaintiff paid in its settlement with FDIC. *See* Mot. at 1. The Motion contains states that the Third Party Plaintiff's "[s]ubstantive [c]laims are [m]eritorious and its Third Party Complaint is [s]ufficient," but does not contain additional evidence of Third Party Defendants' conduct nor advance a legal argument as to the basis for liability. *See id.* at 5:1-10.

### II.   Legal Standard

Federal Rule of Civil Procedure 55 provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). A court may not enter a default judgment against an unrepresented minor, incompetent person, or person in military service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 520.

When a party applies for default judgment, "the court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate

1   judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C)

2   establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R.

3   Civ. P. 55(b)(2).

4

5      **III.    Discussion**

         **A.    The Claims Are Insufficient As Pled**

6         "[N]ecessary facts not contained in the pleading, and claims which are legally

7   insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261,

8   1267 (9th Cir. 1992).

9         Third Party Plaintiff has not sufficiently established any of its claims against Third Party

10   Defendant.  The Third Party Complaint is remarkably short on facts, appearing to allege only

11   that FDIC's "damages, if any, were caused by the fraudulent, tortious or otherwise unlawful

12   conduct of third party defendants Razi, Khorramnezhad, and Kay."  *See* Third Party Complaint

13   at ¶ 14.  From this pleading, it is not clear what the Third Party Defendants did, nor how they

14   caused the Third Party Plaintiff to become liable to FDIC.

15         However, a Court may allow the moving party to produce evidence in support of the

16   motion for default judgment.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th

17   Cir. 1987).  Accordingly, at the end of this Order, the Court provides the Third Party Plaintiff

18   with an opportunity to supplement its Motion.

19         Because the claims are currently insufficient as pled, the Court does not reach the other

20   requirements of a default judgment, namely, whether the procedural requirements are met and

21   the *Eitel* factors militate in favor of a default judgment.

22        **B.    The Third Party Plaintiff has not demonstrated why it would be**

23                **entitled to attorney's fees and costs**

24         The Motion seeks attorney's fees of $62,051.67.  Mot. at 5:8.  The Motion offers no

25   explanation as to why the Court should depart from the Local Rule 55-3, which imposes a

26   ceiling on fee recovery.

27

28

**IV.     Disposition**

For the foregoing reasons, Plaintiffs' Motion for a Default Judgment is DENIED WITHOUT PREJUDICE.  If Third Party Plaintiff desires a default judgment, it must file a Second Motion for Default Judgment of no more than 25 pages, not including attachments, by 7:30 a.m. on April 10, 2012.  The Second Motion for Default Judgment shall address all the requirements of a motion for default judgment, including the following:

1) The elements of each cause of action for which Third Party Plaintiff seeks a default judgment;

2) The facts which establish each element within each cause of action;

3) Admissible evidence supporting the conclusion that those facts are true;

4) A legal argument as to why the Court should depart from Local Rule 55-3.


The Court schedules a hearing on this Second Motion for Default Judgment for 8:30 a.m. on May 14, 2012.  The Court warns Third Party Plaintiff that if Second Motion for Default Judgment does not cure the defects in the present motion, the Court will deny the Second Motion WITH PREJUDICE.

IT IS SO ORDERED.

DATED: March 26, 2012

_David O. Carter_
_____
DAVID O. CARTER
United States District Judge

5